1817.

*Chambers-burg.*

SHARP *against* KILGORE.

IN ERROR.

*Monday,*
September 29.

ERROR to the Court of Common Pleas of *Cumberland* county.

*Watts* and *Duncan*, for the plaintiff in error.

*Metzgar* and *Carothers*, contra.

*In a proceeding under the arbitration act a declaration is not essential.*

*An arbitration may be entered at any time after the commencement of the action.*

The opinion of the Court was delivered by

TILGHMAN C. J. *William Kilgore*, the defendant in error, was plaintiff below. He brought his action to *August* Term, 1813, and proceeded against the defendant by summons. After the issuing of the summons, but before its return, the plaintiff entered a rule of arbitration, which was served on the defendant, who appeared at the appointed time, and joined in the choice of arbitrators, protesting at the same time against the plaintiff's proceedings as illegal. On the 23d *June*, 1813, a report in favour of the plaintiff for 550 dollars, was filed in the office of the prothonotary.

Two errors are assigned : 1. That no declaration was filed. 2. That the rule of arbitration was entered before the defendant had appeared in Court, or made default. Both these points have been decided by this Court. In *Brown* v. *Shaffer*, (*Chambersburg, September*, 1814,) it was decided, that in a proceeding under the arbitration acts, a declaration is not essential ; and in *Hertzog* v. *Ellis*, 3 *Binn.* 212. the opinion of a majority of the Court was expressed, that an arbitration may be entered at any time after the commencement of the action. To the opinions delivered in those cases I refer, for the reasons on which the decisions were founded, and shall only add, that in conformity to them, I am for affirming this judgment.

*Judgment affirmed.*